IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-2067-RGA |
| v. | ) ) ) | **PUBLIC VERSION** |
| SIRIUS XM RADIO INC., | ) ) | |
| Defendant. | ) | |

# SIRIUS XM RADIO INC.'S APPLICATION FOR ATTORNEYS' FEES AND COSTS

OF COUNSEL:

Mark Baghdassarian
Shannon H. Hedvat
KRAMER LEVIN NAFTALIS &
  FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: December 1, 2021
Public version dated: December 8, 2021

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant Sirius XM Radio Inc.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I. LEGAL STANDARD ...................................................................................................1

II. SIRIUS XM'S ATTORNEYS' FEES WERE REASONABLE UNDER THE CIRCUMSTANCES ....................................................................................................2

    A. Sirius XM's Attorneys' Rates and Fees Were Reasonable Under the Circumstances ...................................................................................................2

    B. The Number of Hours Sirius XM's Attorneys Spent Was Reasonable ...................5

    C. The Court Should Award Sirius XM Its Non-Attorney Expenses ...........................6

III. SIRIUS XM SHOULD BE AFFORDED LIMITED DISCOVERY, AND DRAGON SHOULD BE COMPELLED TO POST BOND, SHOULD DRAGON CONTINUE TO DISREGARD THE COURT'S ORDER ..........................................................................7

IV. CONCLUSION.............................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*,
   Civ. No. 09-515-SLR, 2013 WL 936451 (D. Del. Mar. 11, 2013).......................................3, 4

*Blum v. Stenson*,
   465 U.S. 886 (1984)..................................................................................................................2

*Bywaters v. United States*,
   670 F.3d 1221 (Fed. Cir. 2012)............................................................................................1, 2

*Cent. Soya Co. v. Geo. A. Hormel & Co.*,
   723 F.2d 1573 (Fed. Cir. 1983).................................................................................................6

*Evergreen Cmty. Power LLC v. Riggs Distler & Co.*,
   No. 10-cv-00728, 2012 WL 2974891 (E.D. Pa. July 19, 2012) ...............................................7

*Goodlett v. Delaware*,
   No. CA 08-298-LPS, 2012 WL 394698 (D. Del. Feb. 6, 2012) ...............................................2

*iLOR, LLC v. Google, Inc.*,
   No. CIV.A 5:07-109-JMH, 2009 WL 3367391 (E.D. Ky. Oct. 15, 2009), *rev'd
   on other grounds*, 631 F.3d 1372 (Fed. Cir. 2011) ..............................................................3, 4

*Innovention Toys, LLC v. MGA Ent., Inc.*,
   No. CIV.A. 07-6510, 2014 WL 1276413 (E.D. La. Feb. 24, 2014), *report and
   recommendation adopted as modified*, No. CIV.A. 07-6510, 2014 WL
   1276346 (E.D. La. Mar. 27, 2014), *vacated and remanded on other grounds*,
   611 F. App'x 693 (Fed. Cir. 2015), *cert. granted, judgment vacated*, 136 S.
   Ct. 2483, 195 L. Ed. 2d 820 (2016) ..........................................................................................2

*Mathis v. Spears*,
   857 F.2d 749 (Fed. Cir. 1988)...............................................................................................1, 4

*Microstrategy Inc. v. Crystal Decisions, Inc.*,
   555 F. Supp. 2d 475 (D. Del. 2008).........................................................................................4

*Philips Elecs. N. Am. Corp. v. Compo Micro Tech, Inc.*,
   No. CIVA 02-123 KAJ, 2006 WL 3020724 (D. Del. Oct. 23, 2006)....................................6, 7

*Planned Parenthood of Central NJ v. Attorney General of NJ*,
   297 F.3d 253 (3d Cir. 2002).....................................................................................................5

*Public Interest Research Group of NJ v. Windall*,
    51 F.3d 1179 (3d Cir. 1995) ................................................................................................. 3, 4, 5

*Rath v. Vita Sanotec, Inc.*,
    No. CV 17-953 (MN), 2020 WL 5877597 (D. Del. Oct. 2, 2020) ............................................ 3

*S. Track & Pump, Inc. v. Terex Corp.*,
    No. 08-cv-00543, 2014 WL 4825249 (D. Del. Sept. 29, 2014) ................................................ 7

*Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*,
    No. CV 12-1285-RGA, 2016 WL 3436396 (D. Del. June 15, 2016) ................................. 1, 2, 6

**Statutes**

35 U.S.C. § 285 ............................................................................................................................. 1, 6

**Other Authorities**

Fed. R. Civ. P. 62(d) ......................................................................................................................... 7

Pursuant to the Court's November 8, 2021 Order (D.I. 227, the "Order") that found the instant case exceptional and awarded fees and costs, Defendant Sirius XM Radio Inc. ("Sirius XM") hereby submits a "fully-supported request for the appropriate amount of fees" including the accompanying Exhibits[1] along with the Declarations of Mark A. Baghdassarian ("Baghdassarian Decl.") and Philip A. Rovner ("Rovner Decl.").  D.I. 227.  As set forth in the billing reports attached to the Baghdassarian Declaration and Rovner Declaration, and the invoices underlying the report, Sirius XM incurred attorneys' fees and costs that total ███████████ in defending itself against Plaintiff Dragon Intellectual Property, LLC's ("Dragon") patent infringement claims.  Ex. A; Rovner Ex. I.  This amount includes the ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  The Declarations each include a chart setting forth the total monthly fees and expenses ███████████████████████████ and ███████████████████████████.

## I.    LEGAL STANDARD

The District Court may exercise its discretion in "assessing a reasonable award under 35 U.S.C. § 285." *Mathis v. Spears,* 857 F.2d 749, 754 (Fed. Cir. 1988).  In assessing attorneys' fees to be granted for exceptional cases under 35 U.S.C. § 285, Federal Circuit case law governs because § 285 "relates to an area of substantive law within [its] exclusive jurisdiction." *Bywaters v. United States*, 670 F.3d 1221, 1227-28 (Fed. Cir. 2012); *Vehicle Interface Techs., LLC v. Jaguar Land Rover N. Am., LLC*, No. CV 12-1285-RGA, 2016 WL 3436396, at *1 (D. Del. June 15, 2016) (citing *Bywaters*, 670 F.3d at 1227-28).  Specifically, to determine the reasonable amount for attorneys' fees, "courts generally use the lodestar approach, multiplying the

---

[1] Unless otherwise noted, all references to Exhibits (Ex. __) herein are to those provided with the Declaration of Mark A. Baghdassarian.

1

number of hours reasonably spent by a reasonable hourly rate." *Id.* (citing *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016)).  However, the Court may "adjust the lodestar award upward or downward" in "rare" and "exceptional" circumstances with "specific evidence" supporting that adjustment.  *Bywaters*, 670 F.3d at 1229; *Vehicle Interface Techs.*, 2016 WL 3436396, at *1.  Notably, the Court may not reduce an award *sua sponte* and can only do so in response to objections to the extent the opposing party raises any.  *Goodlett v. Delaware*, No. CA 08-298-LPS, 2012 WL 394698, at *2 (D. Del. Feb. 6, 2012) (collecting cases).

## II. SIRIUS XM'S ATTORNEYS' FEES WERE REASONABLE UNDER THE CIRCUMSTANCES[2]

### A. Sirius XM's Attorneys' Rates and Fees Were Reasonable Under the Circumstances

In addressing the lodestar inquiry, the Court must first determine the reasonable hourly rate.  In general, reasonable fees "are to be calculated according to the prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  For patent-specific cases, the "relevant community" expands beyond the forum in which the case is pending – that is, "[c]aselaw is abundant . . . which allows for the use of national or specialty rates, sometimes referred to as those of an 'out-of-town specialist,' in the field of patent law and other complex litigation."  *Innovention Toys, LLC v. MGA Ent., Inc.*, No. CIV.A. 07-6510, 2014 WL 1276413, at *2 (E.D. La. Feb. 24, 2014), *report and recommendation adopted as modified*, No. CIV.A. 07-6510, 2014 WL 1276346 (E.D. La. Mar. 27, 2014), *vacated and remanded on other grounds,* 611

---

[2] To date, Dragon's responses to Sirius XM's request to meet and confer, pursuant to the Court's Order, "to reach agreement on the appropriate amount of Defendants' attorneys fees" have been limited.  D.I. 232; Baghdassarian Decl. ¶¶ 13-15; Exs. G, H.  Despite Sirius XM providing a good-faith estimate of attorneys fees to Dragon in advance of the parties' meet and confer, Dragon's counsel had not yet provided the estimate to Dragon and has not provided any information as to Dragon's willingness to reach agreement or comply with its obligations regarding the same.

F. App'x 693 (Fed. Cir. 2015), *cert. granted, judgment vacated*, 136 S. Ct. 2483, 195 L. Ed. 2d 820 (2016).

Specifically, "[i]f a prevailing party had good reason for using non-local counsel, then the comparison may be to prevailing rates in the attorney's business location." *iLOR, LLC v. Google, Inc.*, No. CIV.A 5:07-109-JMH, 2009 WL 3367391, at *5 (E.D. Ky. Oct. 15, 2009), *rev'd on other grounds*, 631 F.3d 1372 (Fed. Cir. 2011).  These exceptions include "when the need for 'special expertise of counsel from a distant district'" is shown.  *Rath v. Vita Sanotec, Inc.*, No. CV 17-953 (MN), 2020 WL 5877597, at *4 (D. Del. Oct. 2, 2020) (citing *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 705 (3d Cir. 2005)).

Here, Sirius XM's use of national and Delaware counsel is reasonable.  Kramer Levin has represented Sirius XM ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Baghdassarian Decl. ¶ 2.  Kramer Levin's extensive historical knowledge regarding the technology at issue, including the array of accused products, demonstrates its status as "specialists in the field of intellectual property—which is, by its very nature, national and not necessarily regional in scope." *iLOR*, 2009 WL 3367391, at *5.  Thus, the "relevant community" here should be defined as "outside counsel handling a patent infringement case in Delaware" and therefore the hourly rates should include consideration of forums outside Delaware.  *Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*, Civ. No. 09-515-SLR, 2013 WL 936451, at *3 (D. Del. Mar. 11, 2013).

In assessing a "reasonable hourly rate," the Court should assess the "attorneys' usual bill rate, [although] this is not dispositive." *Public Interest Research Group of NJ v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).  Here, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Baghdassarian Decl. ¶ 8. The rates Kramer Levin charges, and Potter Anderson charges, are consistent with other similarly-situated firms based in New York and Delaware respectively, when considering the expertise of the attorneys and their historical relationship and knowledge of Sirius XM and its products and services. *Id.*; Rovner Decl. ¶ 6. Notably, courts have recognized that use of primary national counsel in patent litigations, "even at rates which well exceeded that of local counsel . . . was justified [where] [t]he attorneys were clearly specialists in the field of intellectual property" particularly where national counsel was "clearly intimately aware of the [accused] Notebook product, its parameters and limitations." *iLOR*, 2009 WL 3367391, at *5.

The reasonableness of Kramer Levin's rates, and time spent defending against Dragon's frivolous claims, are consistent with the overall average cost of defending patent infringement litigations as the American Intellectual Property Law Association ("AIPLA") Report of the Economic Survey for 2015, 2017, 2019 and 2021 demonstrate. Baghdassarian Decl. ¶ 12; Exs. C-F ("AIPLA Reports"); *see also generally Mathis,* 857 F.2d at 755-56 (affirming district court's "conclu[sion] that the rates generally corresponded to those presented in the APLA/AIPLA surveys and were reasonable in view of those surveys"); *Asahi Glass,* 2013 WL 936451, at *3 (confirming "attorney rates [sought were] also consistent with the American Intellectual Property Law Association's Report of the Economic Survey 2011"); *Microstrategy Inc. v. Crystal Decisions, Inc.,* 555 F. Supp. 2d 475, 482-83 (D. Del. 2008) (considering AIPLA's report on litigation rates and total costs in concluding that "reasonable fees and expenses" were recoverable after "it was manifestly unreasonable for [plaintiff] to continue to pursue certain of its claims").

Specifically, the AIPLA Reports provide information on the average costs of defending patent infringement lawsuits in addition to average billing rates on a national basis. In the AIPLA Reports from 2015 through 2021, the median litigation costs including all attorneys' fees and

4

expenses through claim construction spanned from $1,225,000 to $2,500,000 for patent infringement litigations through claim construction. Ex. C at I-111; Ex. D at I-121; Ex. E at I-144; Ex. F at I-145. Here, ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████ thus align with the median costs reported in the AIPLA Reports.

### B. The Number of Hours Sirius XM's Attorneys Spent Was Reasonable

Under the lodestar inquiry, the Court must also determine the reasonability of the time spent defending the litigation. To do this, courts assess whether the work performed was "'useful and of a type ordinarily necessary to secure the final result obtained from the litigation.'" *Planned Parenthood of Central NJ v. Attorney General of NJ,* 297 F.3d 253, 266 (3d Cir. 2002) (internal quotations omitted).

Here, a review of the time expended by Sirius XM's attorneys (*see* Ex. B; Rovner Ex. J) demonstrates that the hours spent were reasonable for each particular purpose and none of the hours should be excluded as "excessive, redundant, or otherwise unnecessary." *Pub. Int. Rsch. Grp. of New Jersey, Inc.*, 51 F.3d at 1188. Specifically, attached as Exhibit A is a breakdown of the ███████████████████████████████████ ███████████████████████████████████ ██████████████████████████████████. Ex. A; Baghdassarian Decl. ¶ 7; *see also* Rovner Ex. I. As the invoices underlying the chart show, the ███████████████████████████████████ ███████████████████████████████████ ██████████████████████████████████. Baghdassarian Decl. ¶ 7. These hours related to the period prior to the Federal Circuit appeals

5

during which Sirius XM repeatedly requested that Dragon cease pursuit of its claims given the undeniable evidence, including publicly available user manuals, demonstrating that the accused products could not infringe the asserted patent. D.I. at 204 6-13.

Sirius XM's pursuit of discovery and asserting alternative defenses to non-infringement, including those based on invalidity, were necessary to its defense (despite the ultimate exceptional nature of Dragon's infringement allegations) as the "Federal Circuit has approved fee awards to a prevailing defendant for good faith non-prevailing alternative defenses." *Vehicle Interface Techs.*, 2016 WL 3436396, at *4 (citing *Mathis*, 857 F.2d at 756 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983))).

In addition, Kramer Levin 

. Baghdassarian Decl. ¶ 9. Moreover, each monthly bill was carefully reviewed by the senior partner on the litigation 

. Baghdassarian Decl. ¶¶ 10-11; Rovner Decl. ¶¶ 4, 6. As a result, the number of hours charged to Sirius XM were reasonable under the circumstances here.

    **C.**    **The Court Should Award Sirius XM Its Non-Attorney Expenses**

The Federal Circuit has set forth that in furtherance of the "purpose of § 285 . . . to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit . . . [the] attorney fees [] include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Reimbursement of such expenses, which include "those related to travel, food, lodging, telephone, mail, photocopying, facsimile, courier, filing fees,

deposition transcripts, subpoena services, and other related services" may be "awarded where they are "reasonable, necessary to the prosecution of the litigation, and adequately documented." *Philips Elecs. N. Am. Corp. v. Compo Micro Tech, Inc.*, No. CIVA 02-123 KAJ, 2006 WL 3020724, at *6 (D. Del. Oct. 23, 2006). Here, Sirius XM's expenses amount to ▮▮▮▮▮ which, as the supporting documentation reflects (Exs. A, B), include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Baghdassarian Decl. ¶ 7. Sirius XM respectfully requests reimbursement for these costs and expenses.

### III. SIRIUS XM SHOULD BE AFFORDED LIMITED DISCOVERY, AND DRAGON SHOULD BE COMPELLED TO POST BOND, SHOULD DRAGON CONTINUE TO DISREGARD THE COURT'S ORDER

Pursuant to the Court's Order, Sirius XM reached out to Dragon's counsel (including all current and previously counsel of record and Dragon's principal Kai Zhu) to request "a meet and confer [t]o attempt to reach agreement on the appropriate amount of Defendants' attorneys fees." D.I. 232; Baghdassarian Decl. ¶¶ 13-15; Exs. G, H. When Dragon's counsel finally responded, the parties met and conferred during which Dragon's counsel indicated that it had yet to provide Sirius XM's estimate of fees to Dragon. Baghdassarian Decl. ¶ 15. To date, Dragon's counsel has not provided any response from Dragon request Sirius XM's request for fees or any indication as to Dragon's willingness to comply with its obligation to pay such fees. *Id.* Dragon's failure to respond raises significant concerns and risk that any fees awarded may not be paid. Sirius XM respectfully requests that to the extent its concern becomes a reality, or to the extent Dragon seeks to appeal the Order, Dragon be compelled to post a bond and that Sirius XM be afforded the opportunity to seek limited discovery surrounding the finances of Dragon and all principals and individuals behind its establishment especially as a non-practicing entity. *See generally* Fed. R. Civ. P. 62(d); *see also S. Track & Pump, Inc. v. Terex Corp.*, No. 08-cv-00543, 2014 WL 4825249,

7

at *1 (D. Del. Sept. 29, 2014) ("Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of monetary judgment pending appeal by posting a supersedeas bond. . . . [C]ourts have read the rule as requiring 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.' . . . [This can include] requiring a supersedeas bond to include an estimate of attorneys' fees." (citations omitted) (collecting cases)); *Evergreen Cmty. Power LLC v. Riggs Distler & Co.*, No. 10-cv-00728, 2012 WL 2974891, at *2 (E.D. Pa. July 19, 2012) (denying motion for a stay of execution of judgments (which included attorneys fees) without a supersedeas bond pending appeal because the court was "not entirely confident in the availability of funds to pay the judgment, nor is the defendant's ability to pay the judgment so plain that the cost of a bond would be a waste of money").

## IV. CONCLUSION

For the foregoing reasons, Sirius XM respectfully requests that the Court order Dragon to pay it ▇▇▇▇▇▇▇▇ in attorneys' fees and expenses.

9

| | |
|---|---|
| OF COUNSEL:<br><br>Mark A. Baghdassarian<br>Shannon H. Hedvat<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br><br><br>Dated: December 1, 2021<br>Public version dated: December 8, 2021 | POTTER ANDERSON & CORROON LLP<br><br>By: */s/ Philip A. Rovner*_____<br>    Philip A. Rovner (#3125)<br>    Jonathan A. Choa (#5319)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE 19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br>    jchoa@potteranderson.com<br><br>*Attorneys for Defendant Sirius XM Radio Inc.* |