IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>Defendant. | C.A. No. 13-2066 (RGA) |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC.,<br><br>Defendant. | C.A. No. 13-2067 (RGA) |

**DEFENDANTS' JOINT OPPOSITION TO THE DEVLIN LAW FIRM'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Rodger D. Smith II (#3778)<br>Lucinda C. Cucuzzella (#3491)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br>ccucuzzella@morrisnichols.com<br><br>*Attorneys for Defendant DISH Network L.L.C.* | POTTER ANDERSON & CORROON LLP<br>Philip A. Rovner (#3215)<br>Jonathan A. Choa (#5319)<br>Hercules Plaza, 6th Floor<br>Wilmington, DE  19801<br>(302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com<br><br>*Attorneys for Defendant Sirius XM Radio, Inc.* |

September 23, 2022

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................................. 1

II.  BACKGROUND .................................................................................................................. 2

III. ARGUMENT ........................................................................................................................ 4

IV.  CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dragon Intell. Prop., LLC v. Apple, Inc.*,
    C.A. No. 13-2058-RGA, 2015 WL 5298938 (D. Del. Sept. 9, 2015) ........................................2

*Dragon Intell. Prop., LLC v. DISH Network L.L.C.*,
    Case No. 19-1283, D.I. 53, 97, 98 (Fed. Cir. April 11, 2019) ....................................................4

*LabMD Inc. v. Boback*,
    No. 20-1446, 2022 WL 3724716 (3d Cir. Aug. 30, 2022) .........................................................5

*Ohntrup v. Makina ve Kimya Endustrisi Kurumu*,
    760 F.3d 290, 294-95 (3d Cir. 2014) ...............................................................................4, 6, 7

*Sharp v. Verizon Del. Inc.*,
    C.A. No. 11-1209-RGA, 2012 WL 6212615 (D. Del. Dec. 12, 2012) ......................................6

*Worldspan, L.P. v. Ultimate Living Grp., LLC*,
    C.A. No. 03-1081-JJF, 2006 WL 1046942 (D. Del. Apr. 20, 2006) .....................................6, 7

## I. INTRODUCTION

Defendants DISH Network L.L.C. ("DISH") and Sirius XM Radio Inc. ("SXM") oppose the Motion of the Devlin Law Firm LLC for Leave to Withdraw as Counsel ("Motion").

Dragon Intellectual Property, LLC ("Dragon") is an admittedly non-funded non-practicing entity that availed itself of the judicial system and this Court's resources for nearly a decade in its pursuit of a meritless case. Because Dragon's meritless case was exceptional, this Court has already ordered that Dragon is liable for over $3.3 million in attorneys' fees to DISH and SXM.

But Dragon is a sham. Its sole shareholder is Kai Zhu, a once-registered (and now suspended) attorney in the State of California. Dragon has already admitted that it never properly capitalized the corporation and that it cannot satisfy the judgment against it. As a result, at present, there is no one who will pay for the harm Dragon has caused to DISH and SXM.

Seeking to uncover facts that would establish Dragon as a sham entity, DISH pursued post-judgment discovery on Dragon. Dragon admitted that its counsel had been operating under a full contingency-fee-based representation for Dragon's patent-enforcement campaign. Dragon's counsel therefore assumed significant risk in appearing in this Court on behalf of Dragon. In fact, the Devlin Law Firm appeared in this case only after the exceptionality of this case became undeniable. And the Devlin Law Firm was undoubtedly aware of the risks of undertaking Dragon's case at that time, when it attempted to enter a limited appearance—which the Court denied—to represent Dragon only against motions for sanctions. The Devlin Law Firm has now represented Dragon for seven years—all the while perpetuating Dragon's pursuit of meritless defenses and driving up DISH's and SXM's fees and costs. The Devlin Law Firm's request to withdraw from this case based on Dragon's alleged "fail[ure] to fulfill an obligation to the lawyer regarding the lawyer's services" and unspecified "fundamental disagreements on how to continue

representation" is inconsistent with the Devlin Law Firm's assumed risk and prior actions. It is not DISH and SXM who should have to pay the ultimate price.

The outcome is obvious: once the Devlin Law Firm withdraws, leaving Dragon without representation, Dragon will disappear. DISH and SXM will have no recourse, and no ability to recoup their $3.3 million judgment, and there will be nothing to stop any future sham plaintiff from filing meritless cases in this Court and fleeing awards of attorneys' fees. The motion to withdraw should be denied.

## II.     BACKGROUND

Dragon filed the case on December 20, 2013, asserting U.S. Patent No. 5,930,444 against DISH's continuous recording DVR devices and SXM's radio receivers. D.I. 1; *see also* C.A. No. 13-2067, D.I. 1.[1] Dragon is a Delaware company operated by a single shareholder, Kai Zhu—a suspended U.S. patent attorney who was formerly registered to practice in California. Declaration of Lauren Dreyer ("Dreyer Decl"), Exs. N and O. In this case, Dragon was represented by Freitas Tseng & Kaufman LLP ("Freitas")[2] and Bayard P.A. ("Bayard"), D.I. 1, operating under a "full contingency-fee based legal representation for [Dragon's] patent enforcement campaign." Dreyer Decl., Ex. A (Interrog. No. 1); *id.*, Ex. S. But Dragon's infringement allegations were meritless from the outset of this case. D.I. 226, 227; *see also Dragon Intell. Prop., LLC v. Apple, Inc.*, C.A. No. 13-2058-RGA, 2015 WL 5298938, at *4 (D. Del. Sept. 9, 2015) (finding that patentee "clearly and unequivocally disclaimed continuous recording devices" during prosecution, noting that Court had "*only once seen a clearer case* of prosecution disclaimer") (emphasis added).

---

[1]     Unless otherwise indicated, D.I. references are to the action against DISH.

[2]     Freitas Tseng & Kaufman LLP is now Freitas & Weinberg LLP.

2

Following the Court's September 2015 claim construction order, Freitas and Bayard moved to withdraw, claiming that "[i]rreconcilable differences have developed between Dragon and Movants" that "compromised the attorney-client relationship to a degree that renders Movants' continued representation . . . in a manner consistent with their obligations under the Rules of Professional Conduct not possible." D.I. 92 at 4 ¶ 3. During the hearing on the motion, the Court expressed concerns as to Dragon's ability to secure new counsel given that the status of Dragon's case was "not the most attractive situation for counsel to be entering a case in," and noted its hesitation on "Dragon's ability to actually compensate counsel." Dreyer Decl., Ex. B (Transcript for Hearing on D.I. 92), 12:14-24.

The Court ultimately granted the motion but ordered Dragon to retain successor legal representation. D.I. 95 at 4 ("A limited liability company must be represented in court by counsel."). The Court further ordered that "the failure to secure counsel within thirty (30) days shall result in the DISMISSAL WITH PREJUDICE of [the] action." *Id.* The Devlin Law Firm then filed its first limited appearance on December 11, 2015 (D.I. 97), which the Court denied because the Devlin Law Firm's proposed representation was conditioned on limiting its "potential liability for conduct it has not yet undertaken" (D.I. 101). The Devlin Law Firm filed another notice of appearance on December 28, 2015, attempting to limit its representation to defending against only "Rule 11 motions or other motions for sanctions." D.I. 102. DISH then moved to dismiss the case with prejudice, as the Devlin Law Firm's proposed limited representation would have left Dragon unrepresented on its then-pending claims, in violation of the Court's order for Dragon to retain successor counsel. D.I. 103. The Court found that Dragon had violated the Court's November 13, 2015 order to retain successor counsel within thirty days and ordered Dragon to show cause why its cases should not be dismissed. D.I. 108. The Devlin Law Firm

3

then filed another notice of appearance on March 2, 2016, this time with no limitations on its representation. D.I. 109. Following a hearing, the Court allowed the Devlin Law Firm to enter its appearance. D.I. 110, 27:8-11.

Several years later, the Court determined that this case is exceptional (D.I. 226, 227) and awarded $1,456,273.49 in attorneys' fees to DISH (D.I. 244) and $1,862,415.53 in attorneys' fees to SXM (C.A. No. 13-2067, D.I. 250). In addition to its appeal of some of those underlying issues,[3] DISH sought post-judgment discovery under Fed. R. Civ. P. 69 concerning Dragon's ability to satisfy the judgment against it and the nature and extent of its relationship with Freitas. Specifically, DISH propounded limited interrogatories, requests for production, requests for admission, and a notice of deposition on Dragon, and served subpoenas for deposition and documents on its sole shareholder, Kai Zhu. Dreyer Decl., Exs. C-H. Dragon responded to DISH's written discovery, admitting that it "has insufficient funds or assets to satisfy the $1,456,273.49 judgment to DISH," having "projected [that] it just needed the initial funding to acquire the Asserted Patent." *Id.*, Ex. K (Req. for Admission No. 13); *id.*, Ex. A (Interrog. No. 1). These responses were deficient, even considering Dragon's later supplemental response. *Id.*, Exs. M, S. Dragon has yet to make a witness available for deposition. Dreyer Decl. ¶ 25 and Ex. L. To date, DISH has received no response to the subpoenas served on Mr. Zhu. Dreyer Decl. ¶ 24.

### III.  ARGUMENT

Whether to grant or deny a motion to withdraw is within this Court's discretion. *See Ohntrup v. Makina ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 294-95 (3d Cir. 2014)

---

[3] Dragon does not appear to be participating in any meaningful way in the appeal. In the previous appeal in this case, Dragon filed only a Notice of Joinder with Freitas's brief and waived its right to oral argument. *Dragon Intell. Prop., LLC v. DISH Network L.L.C.*, Case No. 19-1283, D.I. 53, 97, 98 (Fed. Cir., April 11, 2019). And in the present appeal, Dragon failed to respond to DISH's motion to supplement. *See* Dreyer Decl., Ex. T at 8.

("[T]here is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal," given "the context-laden nature of such determinations[.]").  The Devlin Law Firm should not be permitted to withdraw for at least three reasons: (1) its withdrawal would violate the Court's earlier order; (2) Dragon has no substitute counsel; and (3) the Devlin Law Firm's appearance in the case still serves a meaningful purpose.  *Cf. LabMD Inc. v. Boback*, No. 20-1446, 2022 WL 3724716, at *17 (3d Cir. Aug. 30, 2022).

First, the motion to withdraw should be denied because it would violate the Court's earlier order.  The Devlin Law Firm originally appeared in this case in response to this Court's order that Dragon "must" obtain legal representation.  D.I. 95 at 4.  The Devlin Law Firm concedes that its withdrawal would "leave Dragon without counsel by a member of the Delaware Bar for a period of time."  D.I. 256 at 2.  This is the same situation that resulted from Dragon's violation of this Court's November 13, 2015 Order.  Withdrawal now would *again* violate that order.

Second, the motion to withdraw should be denied because it has not identified substitute counsel nor provided any reasonable certainty that Dragon will be able to do so. Dragon's refusal to identify successor counsel is telling—particularly when Dragon is currently represented in the appeal from this case by other counsel, who has appeared in this Court for other clients this year, but who has not taken on the role here.  *See* Dreyer Decl., Exs. P-R.  But Dragon's refusal to identify successor counsel is also unsurprising.  The Court's earlier concerns regarding the unattractiveness of Dragon's case have only been amplified in light of the combined $3.3 million judgment against Dragon on "full contingency-fee based" representation.  *See* D.I. 244; Dreyer Decl., Ex. A (Interrog. No. 1); *id.*, Ex. S.  Dragon has now alienated its counsel *twice*: (1) first with Freitas due to alleged "[i]rreconcilable differences" that "compromised the attorney-client relationship to a degree that render[ed] . . . continued representation of Dragon" inconsistent

5

with the Rules of Professional Conduct (D.I. 92); and (2) second with the Devlin Law Firm, allegedly because of "Dragon's failure to fulfill an obligation regarding [Devlin's] services as well as fundamental disagreements on how to continue representation" (D.I. 256). Dragon has also done nothing to assuage this Court's concerns as to "Dragon's ability to actually compensate counsel." Dreyer Decl., Ex. B, 12:14-24. In contrast, "Dragon's failure to fulfill an obligation regarding Devlin's services" and its admission that it cannot satisfy the judgment only strengthens the Court's suspicions that Dragon will be unable to pay any successor counsel either.

Finally, the Court should also deny the motion to withdraw because the Devlin Law Firm's appearance still serves a meaningful purpose. *See Ohntrup*, 760 F.3d at 295. DISH and Dragon are in the midst of post-judgment discovery on Dragon's ability to satisfy the judgment against it. The motion to withdraw ostensibly attempts to circumvent DISH's discovery requests and deposition. Over four months have elapsed since Dragon was served with discovery. DISH has permitted Dragon multiple extensions of time to respond, and counsel for both parties were actively working to schedule a time for the deposition to occur before the filing of this motion to withdraw. *See* Dreyer Decl., Ex. L. But withdrawal at this time without substitute counsel would undermine DISH's attempt to depose Dragon. The Devlin Law Firm has identified no undue hardship from undertaking this final act. *Cf. Worldspan, L.P. v. Ultimate Living Grp., LLC*, C.A. No. 03-1081-JJF, 2006 WL 1046942, at *1 (D. Del. Apr. 20, 2006) (denying motion to withdraw because client was "in default" and "it is probable that the only future activity in this case with regard to [the client] will relate to default judgment proceedings and execution"). With nothing left to do but defend the deposition, there is no justification for withdrawal at this late stage. *See Sharp v. Verizon Del. Inc.*, C.A. No. 11-1209-RGA, 2012 WL 6212615, at *4 (D. Del. Dec. 12, 2012) ("When courts have denied motions due in part to the state of the case schedule, it has almost

6

uniformly been because the motion to withdraw was made at or near trial or in the post-trial briefing stage.").

Other than stating that Dragon's unnamed representative is available to sit for deposition, the Devlin Law Firm has not confirmed a date or location or explained to DISH whether Dragon will be represented by other counsel at the deposition. Dreyer Decl., Ex. L. In fact, upon filing of the motion to withdraw, the Devlin Law Firm has not corresponded with DISH regarding the outstanding discovery issues and the deposition notice. *Id.* Similarly, over two months have passed since Mr. Zhu was served with DISH's subpoena, and DISH has received no response. Dreyer Decl. ¶ 24; *id.*, Exs. I, J. Because it is "uncertain" whether Dragon or its sole shareholder would comply with the deposition, "there [is] a chance that the [Devlin Law Firm's] presence would facilitate communication between the parties"—as the Devlin Law Firm has recently done in providing Dragon's amended written discovery responses, *id.*, Ex. L—and ensure that DISH can depose Dragon. *See Ohntrup*, 760 F.3d at 295 (discussing with approval decision denying first motion to withdraw on similar grounds).[4] Denying the Devlin Law Firm's motion to withdraw will preserve the status quo and allow DISH to take the deposition of Dragon or compel the outstanding discovery, which is directly relevant to DISH's and SXM's ability to recover the $3.3 million judgment against Dragon under Rule 69. Because "on balance, the prejudice to [DISH] that withdrawal at this stage would entail," "the need for the efficient administration of justice outweigh[s] [the Devlin Law Firm's] arguments." *Worldspan*, 2006 WL 1046942, at *2.

---

[4] The court's grant of the second motion to withdraw in *Ohntrup* is distinguishable because "over 25 years" had elapsed since the court's denial of the firm's first motion to withdraw, all the while the firm's client "ha[d] yet to respond to a discovery request or participate in any way in post-judgment proceedings," leaving the firm "merely a captive, uncompensated process server." 760 F.3d at 293, 295.

At minimum, the Court should consider inspecting *in camera* the Devlin Law Firm's proffered information to confirm the facts supporting its reasons for withdrawal, D.I. 256 at 3 n.1, and why the Devlin Law Firm cannot continue its representation for the final remaining act in this case—defending the deposition of its client who brought the case in the first place.

## IV.   CONCLUSION

For the reasons stated above, DISH and SXM respectfully request that the motion to withdraw be denied.

| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| OF COUNSEL: | */s/ Rodger D. Smith II* |
| G. Hopkins Guy III<br>BAKER BOTTS L.L.P.<br>1001 Page Mill Road<br>Building One, Suite 200<br>Palo Alto, CA  94304-1007<br>(650) 739-7500 | Rodger D. Smith II (#3778)<br>Lucinda C. Cucuzzella (#3491)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br>ccucuzzella@morrisnichols.com |
| Ali Dhanani<br>Bradley Bowling<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX  77002-4995<br>(713) 229-1234 | *Attorneys for Defendant DISH Network L.L.C.* |
| Jamie R. Lynn<br>Lauren J. Dreyer<br>BAKER BOTTS L.L.P.<br>700 K Street NW<br>Washington, DC 20001<br>(202) 639-7700 | |
| | POTTER ANDERSON & CORROON LLP |
| | */s/ Philip A. Rovner* |
| OF COUNSEL:<br><br>Mark A. Baghdassarian<br>Shannon H. Hedvat<br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100 | Philip A. Rovner (#3215)<br>Jonathan A. Choa (#5319)<br>Hercules Plaza, 6th Floor<br>Wilmington, DE  19801<br>(302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com<br><br>*Attorneys for Defendant Sirius XM Radio, Inc.* |
| September 23, 2022 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 23, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Timothy Devlin, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| J. James Li, Ph.D.<br>LILAW INC.<br>5050 El Camino Real, Suite 200<br>Los Altos, CA  94022<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)